# IN THE COURT OF APPEALS OF IOWA

No. 22-1808
Filed January 11, 2023

**IN THE INTEREST OF J.C., O.P., A.C., and J.P.,**
**Minor Children,**

**L.P., Mother,**
      Appellant.
_____

Appeal from the Iowa District Court for Lyon County, Shawna L. Ditsworth, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Debra S. De Jong of De Jong Law Firm, P.C., Orange City, for appellant mother.

Brenna Bird, Attorney General, and Ellen Ramsey-Kacena (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

Kley B. De Jong of Klay, Veldhuizen, Bindner, De Jong & Halverson, P.L.C., Orange City, for appellee guardian.

Kelly J. Goslinga of Clabaugh & Goslinga PLC, Sioux Center, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights, asserting termination is not in the children's best interests and the court should have maintained the existing guardianship. On our de novo review, *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010), we find termination of the mother's parental rights and modification of the permanency goal to adoption is in the children's best interests.

L.P. is the mother of four children born between 2013 and 2018: J.P., A.C., O.P., and J.C. In May 2018, the children were removed from the mother's care due to safety concerns and lack of supervision. The children were placed in family foster care. In December, the children were placed with a paternal great-grandmother, and in April 2019, a permanency order gave custody and guardianship of the four children to the great-grandmother.

In the four years since removal, the mother has made no progress in her ability to parent the children. She has not visited the children in years and has had sporadic short phone calls with them. She has not offered any financial or other support to the children's guardian.

In October 2022, the juvenile court terminated the mother's parental rights. She appeals.[1]

In reviewing termination decisions, we (1) "determine if a ground for termination exists under [Iowa Code] section 232.116(1) [(2022)]"; (2) consider the best-interests factors under section 232.116(2); and (3) "decide if any exceptions to termination exist under section 232.116(3)." *P.L.*, 778 N.W.2d at 40–41. The

---

[1] The father's parental rights were also terminated; he does not appeal.

mother does not dispute the grounds for termination, so we need not discuss that step. *Id.* at 40.

The mother argues termination of her parental rights is not in the children's best interests. For this step, we consider "the child[ren]'s safety, . . . the best placement for furthering the long-term nurturing and growth of the child, and . . . the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41. Here, the great-grandmother has been sole caretaker of the children for several years, seeing to all the children's mental, physical, and emotional needs. She has participated in mental-health treatment and parenting-skills training to be a better caretaker for the children. After four years, these children deserve permanency in the only stable home some of them have ever known. Termination of the mother's rights is in the children's best interests.

The mother also asserts maintaining the guardianship is in the children's best interests to continue the annual court oversight because the great-grandmother is still receiving services from family centered services. "[A] guardianship is not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017). In addition to the continuing court oversight, the guardianship can be challenged at any time. *See* Iowa Code § 232.118. The juvenile court observed, "The children have special needs and require consistency and stablity in their lives." Given the children's young ages and the mother's

continuing inappropriateness as a placement and detachment from the children's lives, keeping the children in a guardianship deprives them of stability and permanency without discernible benefit. The State, the children's guardian ad litem, and the great-grandmother all seek an end to the guardianship and setting adoption as the best permanency option for the children. We agree.

We affirm the termination of the parental rights and modification of the permanency goal to adoption.

**AFFIRMED.**